UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMANIE RILEY,

                              Plaintiff,

v.

ROTHMAN'S WESTIDE, LLC,

                              Defendant.

No. 24-CV-3676 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Amanie Riley commenced this action against Defendant Rothman's Westside, LLC, alleging violations of the Americans with Disabilities Act, the New York City Human Rights Law, and the New York State Human Rights Law. In November 2024, the Court issued an order of default judgment and ordered Plaintiff to submit her motion for attorney's fees and costs, if any, "with supporting documentation." Dkt. No. 18, at 2. Plaintiff subsequently moved for attorney's fees and costs, seeking the Court's approval for an award of $4,580. *See* Dkt. No. 19, at 4. Defendant has not responded. For the reasons that follow, Plaintiff's motion is granted in part and denied in part.

## LEGAL STANDARDS

"[A]bsent unusual circumstances, attorneys are required to submit contemporaneous records with their fee applications" to document the hours reasonably billed. *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010).[1] This requirement is a "strict" one, "from which attorneys may deviate only in the rarest of cases." *Id.*

"Notwithstanding [this] requirement . . . , the Second Circuit has held that where state law creates the substantive right to attorney's fees such a right cannot be deprived by applying the

---

[1] Unless otherwise indicated, quotations omit all internal citations, quotation marks, footnotes, and omissions, and adopt alterations.

contemporaneous time records rule adopted in this Circuit." *Cruz v. Bar 9 Ent., Corp.*, No. 23-CV-03133 (MMG), 2025 WL 1397240, at *2 (S.D.N.Y. May 14, 2025). In such cases, "New York's more liberal rule allowing reconstructed records should apply." *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 147 (2d Cir. 2014).[2] Even where the liberal rule applies, however, "the attorney claiming such fees bears the burden of keeping and presenting records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required; where adequate contemporaneous records have not been kept the court should not award the full amount requested." *Cruz*, 2025 WL 1397240, at *2.

Furthermore, if a court elects to award attorney's fees, it "is not obligated to undertake a line-by-line review" of the application. *Marion*, 767 F.3d at 150. "It may, instead, exercise its discretion and use a percentage deduction as a practical . . . [and] efficient means of reducing excessive fee applications." *Id.*

"As with attorneys' fees, a requesting party must substantiate the request for costs." *Guo v. Tommy's Sushi, Inc.*, No. 14 Civ. 3964 (PAE), 2016 WL 452319, at *3 (S.D.N.Y. Feb. 5, 2016). "Court fees reflected on the Court's docket are sufficiently substantiated, as are costs for which a claimant provides extrinsic proof, such as invoices or receipts." *Id.* "A sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items is also sufficient." *Id.*

## DISCUSSION

Plaintiff's motion for attorney's fees and costs is granted in part and denied in part. Accompanying her motion, Plaintiff's counsel Mars Khaimov submits (1) a notice of motion, which wrongly states that the plaintiff is another person entirely and that she seeks an order granting summary

---

[2] The New York City Human Rights Law, unlike the New York State Human Rights Law, creates a substantive right to attorney's fees. *See Jattan v. Queens Coll. of City Univ. of New York*, 883 N.Y.S.2d 110, 112 (N.Y. App. Div. 2009) ("The New York State Human Rights Law provides for an attorney's fee only in cases alleging housing discrimination. The New York City Human Rights Law, on the other hand, authorizes an award of an attorney's fee in any civil action commenced pursuant to this section.").

judgment, Dkt. No. 19, at 1, and (2) an affidavit of attorney fees and costs, which summarizes the costs and fees incurred based on Mr. Khaimov's "personal knowledge of this action, and of all the fees and costs incurred and expended herein," *id.* at 6. Plaintiff has not submitted any other documents, such as invoices or receipts, substantiating her requests.

### A. Costs and Expenses

Plaintiff's application for costs is granted in part and denied in part. Plaintiff seeks costs in the amount of $980 for the filing fee ($405),[3] the process server's fee ($75), and an expert report fee ($500). Mr. Khaimov has filed an affidavit under penalty of perjury asserting that these costs were incurred. *See* Dkt. No. 19, at 6; *Abel v. Town Sports Int'l LLC*, No. 09 Civ. 10388 (DF), 2012 WL 6720919, at *34 (S.D.N.Y. Dec. 16, 2012) (finding requests for witness's and process server's fees "adequately supported" by attorney's declaration). The filing fee is also reflected on the Court's docket. *See* Dkt. No 1; *see also Guo*, 2016 WL 452319, at *3 (explaining that "Court fees reflected on the Court's docket are sufficiently substantiated"). The Court therefore grants Plaintiff's requests for the filing and process server's fees, totaling $480, finding them to be both reasonable and sufficiently substantiated.

The Court does not, however, award the expert report fee. Given that Plaintiff did not submit an expert report, invoice, or explanation for the need for such a report—and that Defendant did not appear in this action—this application for an expert report is wholly unjustified. Indeed, at least one other court in this district has denied Mr. Khaimov's unsubstantiated request for an expert report fee where the action was settled during its "initial stages." *See Cruz*, 2025 WL 1397240, at *3 ("[T]he Court does not find any necessity for an expert report, given that the parties settled the case without motion practice or discovery, and Plaintiff's counsel specializes in ADA website litigation and so presumably is able to evaluate cases in the initial stages without need of an expert.").

---

[3] Mr. Khamov's affidavit requests $405 for the "Clerk's Fee," Dkt. No. 19, at 6, which the Court takes to refer to the $405 filing fee reflected on the docket, Dkt. No. 1.

Accordingly, the filing and process server's fees will be reimbursed but the expert report fee will not.

### B. Attorney's Fees

Plaintiff's application for attorney's fees is also granted in part and denied in part. "The starting point for determining the presumptively reasonable fee award is the lodestar amount, which is the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Cruz*, 2025 WL 1397240, at *3. In determining an hourly reasonable rate, the court should consider what "a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 184 (2d Cir. 2008).

"The district court should also assess case-specific considerations at the outset, factoring them into its determination of a reasonable hourly rate for the attorneys' work, which is then multiplied by a reasonable number of hours expended to reach the presumptively reasonable fee." *Cruz*, 2025 WL 1397240, at *3. These "case-specific considerations" include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* (quoting *Arbor Hill*, 522 F.3d at 186 n.3).

Plaintiff's counsel Mr. Khaimov attests that he is entitled to attorney's fees as follows, at a billing rate of $450 per hour:

> Conference with Client…………………………………..(1 hour- $450)
> Draft and File Summons and Complaint………………….......(2.5 hour- $1,125)
> Conference and review report with Expert……………………(1/2 hour- $225)
> Draft and File Certificate of Default…………………..……..(1/2 hour- $225)
> Draft and File Motion for Default Judgment…………………..(1.5 hours- $675)
> Preparing and appearing for Order to Show Cause Hearing…..(1 hour- $450)
> Draft and File Motion for Fees and Costs…………………….(1 hour- $450)

Dkt. No. 19, at 6 (sic). In sum, Plaintiff's counsel seeks $3,600 in attorney's fees for eight hours of work.

Like other judges in this district, the Court finds Mr. Khaimov's purported hourly rate of $450 to be high relative to other work of this kind, but generally "within the range of reasonableness."[4] *See Toro v. Frame My TV.com, LLC*, No. 23-CV-04863 (MMG), 2024 WL 3305441, at *2 (S.D.N.Y. June 7, 2024) (finding Mr. Khaimov's rate of $450 to be "slightly higher than average" but "within the range of reasonableness for work of this type," particularly in light of "conversative" fees and costs sought); *see also Cruz*, 2025 WL 1397240, at *4–*5 (applying Mr. Khaimov's "reasonable" hourly rate of $450 to a "more conversative estimate of hours spent" to "yield[] a reasonable total fee"). However, many of Mr. Khaimov's filings here appear to be boilerplate—and, worse yet, the notice accompanying the motion for attorney's fees contains patently incorrect information that appears to relate to an entirely different case. *See* Dkt. No. 19, at 1. Accordingly, a reduction in his hourly rate is warranted in this action. *See Arbor Hill*, 522 F.3d at 186 n.3 (noting that courts should consider, among other factors, the "difficulty" of the case, "the level of skill required to perform the legal service properly," and "the experience, reputation, and ability of the attorneys" in determining a reasonable rate); *Chen v. Hunan Manor Enterp., Inc.*, No. 17 Civ. 802 (GBD) (GWG), 2024 WL 2140119, at *5 (S.D.N.Y. May 14, 2024) ("[O]ther courts have similarly highlighted [below average performance] as a reason for awarding a lower range of rates . . . ."), *adopted by* 2024 WL 3454751 (S.D.N.Y. July 18, 2024). In light of Mr. Khaimov's substandard filings and the rates awarded in this district, the Court finds a $100

---

[4] While Plaintiff has not submitted any information about Mr. Khaimov's background, records of the Unified Court System indicate that he was admitted to practice in September 2014, approximately ten years prior to the order to show cause hearing in November 2024. *See* Attorney Online Services – Search, New York State Unified Court System, https://iapps.courts.state.ny.us/attorneyservices (last visited September 3, 2025); *see also See J & J Sports Prods., Inc. v. Silvestre*, No. 18-CV-3731 (PGG) (JLC), 2019 WL 179810, at *6 (S.D.N.Y. Jan. 14, 2019) (taking judicial notice of admission date of attorney), *adopted by*, 2019 WL 3297080 (S.D.N.Y. July 22, 2019).

reduction in his hourly rate to $350 to be appropriate. *Cf. Winegard v. Crain Commn's, Inc.*, No. 20-cv-01509 (AJN), 2021 WL 1198960, at *4 (S.D.N.Y. Mar. 30, 2021) ("As the prevailing rate in the Southern District for ADA cases is around $400, and there are no considerations requiring a significant downward departure from this rate, the Court will consider $385 to be a reasonable rate."); *Nguyen v. Pho Vietnam 87 Corp.*, No. 23-CV-4298 (JLR) (VF), 2025 WL 564546, at *15 (S.D.N.Y. Jan. 31, 2025) ("The range of hourly fees for straightforward wage-and-hour cases that result in a default judgment is $250 to $450."), *adopted by* 2025 WL 562763 (S.D.N.Y. Feb. 19, 2025).

The Court also finds counsel's total reported hours to be excessive. This matter was "a routine and non-complex ADA website accessibility action—a type of case in which Plaintiff's counsel specializes," and Plaintiff obtained a default judgment against Defendant, who never appeared. *Cruz*, 2025 WL 1397240, at *4 (finding it "unreasonable for Plaintiff's counsel to expend 12 hours on this action" and awarding fees for 4.8 hours). While there is no question that counsel appeared for a half-hour telephonic court conference on November 1, 2024, *see J & J Sports Prods., Inc.*, 2019 WL 179810, at *6 (stating that counsel may recover attorney's fees for court appearances), Mr. Khaimov has not submitted documentation justifying the other hours he purportedly expended on this matter. Inasmuch as he billed for "[c]onferenc[ing] and review[ing] report with Expert," for example, the Court has never received such a report or proof that an expert was ever hired. Dkt. No. 19, at 6. The Court therefore finds it likely that Plaintiff's counsel "exaggerated the amount of time that [he] actually took to complete certain tasks," *Cruz*, 2025 WL 1397240, at *4.

In reviewing an attorney's request for fees, the district court may "undertake a line-by-line review," or, "may, instead, exercise its discretion and use a percentage deduction as a practical means of trimming fat." *Marion*, 767 F.3d at 150 ("Using this form of 'rough justice,' district courts in our Circuit regularly employ percentage reductions as an efficient means of reducing excessive fee applications."). In light of the limited complexity of this action and the vague billing records, the Court reduces the stated hours billed by fifty percent. *See Guo*, 2016 WL 452319, at *7 (reducing hours by

40% in wage-and-hour action resulting in default judgment following one-day bench trial); *Cruz*, 2025 WL 1397240, at *5 (reducing hours from 12 to 4.8 and applying $450 rate to "yield[] a reasonable total fee").

Accordingly, the Court applies the $350 hourly rate to four hours to award Plaintiff $1,400 in attorney's fees.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for attorney's fees and costs is granted in part and denied in part. Plaintiff is awarded $480 in costs and $1,400 in attorney's fees, totaling $1,880. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. No. 19 and close this action.

SO ORDERED.

Dated:  September 4, 2025
        New York, New York

Ronnie Abrams
United States District Judge